### KIECKHEFER v. COMMISSIONER OF INTERNAL REVENUE.

No. 10301.

United States Court of Appeals, Seventh Circuit.

Heard April 18, 1951.

Decided May 23, 1951.

Malcolm K. Whyte, Herbert C. Hirschboeck and Richard L. Greene, all of Milwaukee, Wis., for petitioner.

Theron L. Caudle, Asst. Atty. Gen., Melva M. Graney, Atty., Department of Justice, Washington, D. C., Ellis N. Slack, Loring W. Post, George D. Webster, Special Assts. to the Atty. Gen., for respondent.

Before MAJOR, Chief Judge, and KERNER and DUFFY, Circuit Judges.

MAJOR, Chief Judge.

This appeal involves a deficiency in petitioner's gift tax for the taxable year 1945, during which he made a gift in trust to a minor grandson. The question for decision is whether the Tax Court correctly sustained the Commissioner's determination that such gift was of a future interest so as to preclude the statutory exclusion of $3,000, as provided for in § 1003(b)(3) of the Internal Revenue Code, Title 26 U.S. C.A. § 1003(b)(3).

The taxpayer, a resident of Prescott, Arizona, but for many years engaged in business in Milwaukee, Wisconsin, in the year 1944 consulted his attorney, Malcolm K. Whyte, also of Milwaukee, and advised him of the birth of a grandchild and that he would like to make a gift in trust to such child of $3,000. Counsel advised him that if the gift was one of a future interest the statutory exclusion would not be allowable but that he thought he could draw a trust instrument which would evidence a gift of a present and not a future interest. As a result of this conference, counsel prepared a trust instrument which was executed by the taxpayer on August 23, 1944. The grandson and beneficiary, John Irving Kieckhefer, was born on July 30, 1944. Robert H. Kieckhefer, son of the taxpayer and father of the grandson, was named as trustee. The trustee was also a resident of the State of Arizona, and admittedly during the taxable year was amply able financially to support and educate his son.

Only paragraphs 5 and 13 of the trust instrument need be considered. In fact, the controversy in the main revolves around the latter paragraph.

Paragraph 5, so far as here material, provides: "The trustee shall pay to the beneficiary or apply on his behalf such income from the trust and so much of the principal thereof as may be necessary for the education, comfort and support of the beneficiary and shall accumulate for such beneficiary all income not so needed. * * * The trust estate shall be deemed vested absolutely in said beneficiary and shall be his property, but the trustee is authorized and directed to hold said estate, *unless the trust be prior terminated as hereinafter provided,* until such beneficiary arrives at the age of twenty-one (21) years, at which time the trustee shall pay over to him the said trust estate including all accumulations. In the event that the said beneficiary shall die prior to his becoming twenty-one (21) years of age, the said trust estate and any accumulations shall belong to his estate and shall be paid over to his administrator." (Italics ours.)

In the absence of the italicized phrase, we agree with the Tax Court that the provisions of this paragraph would require a holding adverse to the taxpayer as they come squarely within both the reasoning and the decisions in Fondren v. Commissioner, 324 U.S. 18, 65 S.Ct. 499, 89 L.Ed. 668, and Commissioner v. Disston, 325 U.S. 442, 65 S.Ct. 1328, 89 L.Ed. 1720. In fact, that such is the case appears to be conceded on all sides.

Paragraph 13 provides: "This trust has been created by the donor after full con-

sideration and advice. Upon such consideration and advice the donor has determined that this said trust shall not contain any right in the donor to alter, amend, revoke or terminate it. *The beneficiary shall be entitled to all or any part of the trust estate or to terminate the trust estate in whole or in part at any time whenever said John Irving Kieckhefer or the legally appointed guardian for his estate shall make due demand therefor by instrument in writing filed with the then trustee* and upon such demand being received by the trustee the trustee shall pay said trust estate and its accumulations, or the part thereof for which demand is made, over to said John Irving Kieckhefer or to the legally appointed guardian for his estate who made such demand on his behalf." (Italics ours.)

The italicized language of this paragraph forms the basis for the controversy as to whether the taxpayer's gift to his grandson was of a present or future interest. Again the Commissioner, as well as the Tax Court, relies upon the Fondren and Disston cases in support of the conclusion that it falls within the latter category. Other cases cited and relied upon both by the Commissioner and the taxpayer are of little, if any, aid because they each deal with a different factual situation. In fact, there is no case, so far as we are aware, where a court has decided the issue before us upon the same or even a similar state of facts.

The Commissioner's argument rests upon two premises, (1) that the infant beneficiary, being of tender years, could not make an effective demand, and (2) that the minor beneficiary had no legally appointed guardian at the time of the execution of the trust or since its establishment. In connection with this latter premise, it is urged that under the law of Arizona (the residence and domicile of the beneficiary as well as his father), it is doubtful if the court would appoint a guardian for the purpose of making a demand and, even so, that his actions would be subject to court review.

Section 86.11 of Treasury Regulation 108, promulgated under the Internal Revenue Code, so far as here pertinent, provides: "No part of the value of a gift of a future interest may be excluded in determining the total amount of gifts made during the calendar year. 'Future interests' is a legal term, and includes reversions, remainders, and other interests or estates, whether vested or contingent, and whether or not supported by a particular interest or estate, which are limited to commence in use, possession, or enjoyment at some future date or time."

We think the Fondren and Disston cases on the facts are readily distinguishable. In each of those cases, the court was dealing with trust agreements which by their terms contained the restrictions and conditions which led the court to decide that the gifts were of a future interest. As was pointed out in the Fondren case 324 U.S. at page 24, 65 S.Ct. at page 503 (the Disston case is to the same effect), "That contingency by the explicit terms of the trust, was the existence of need which was then nonexistent and, in the stated contemplation of the donors, was not likely to occur in the future, at any rate during the child's minority." In contrast, the trustee in the instant situation is required "at any time" to pay the trust estate to the minor beneficiary upon demand made as provided. Thus, the conditions and restrictions upon which the Commissioner relies to convert this gift into one of a future interest are not imposed by the trust instrument but, if they exist, are the result solely of the disability of the beneficiary due to the fact that he is a minor.

The taxpayer in the Fondren case argued (the same argument is made here) that the position of the Commissioner means that every gift to a minor is of a future interest. The court, in response to this argument, stated 324 U.S. at page 29, 65 S.Ct. at page 505, "The argument is appealing, in so far as it seeks to avoid imputing to Congress the intention to 'penalize gifts to minors merely because the legal disability of their years precludes them for a time from receiving their income in hand currently.'" Following this, the court made a statement which again emphasizes the factual distinction between that case and this. The court stated, "But we think it is not applicable in the facts of this case, since by the terms of the trusts and the facts recited in the instruments none of the fund, whether income or

corpus, could be applied immediately for the child's use or enjoyment." And the court further on the same page stated, "Whenever provision is made for immediate application of the fund for such a purpose, whether of income or of corpus, the exemption applies." The court in the same case also noted 324 U.S. at page 28, 65 S.Ct. at page 504, "The statute in this respect purports to make no distinction between gifts to minors and gifts to adults." The Commissioner in his brief states, "Gifts to minor beneficiaries are placed on an equality with gifts to adults by applying to both the principle that a right to enjoy the gift only upon the exercise of a trustee's or guardian's discretion, or conditioned upon some other factor, is a gift of a future interest."

Without expressly so stating, the Commissioner's position appears to be that the words in the Treasury Regulation, "use, possession, or enjoyment," mean that the beneficiary must have the actual, physical use, possession or enjoyment of the property, in other words, that the beneficiary occupies the same position relative to the gift that a boy sustains to his top or a girl to her doll. At any rate, the Commissioner's contention irresistibly leads to such a result. It is not, however, the use, possession or enjoyment by the beneficiary which marks the dividing line between a present and future interest, but it is the right conferred upon the beneficiary to such use, possession or enjoyment. As was said in the Fondren case 324 U.S. at page 20, 65 S.Ct. at page 501, " * * * it is not enough to bring the exclusion into force that the donee has vested rights. In addition he must have the right presently to use, possess or enjoy the property."

The Commissioner emphasizes and relies upon a statement in the Disston case 325 U.S. at page 449, 65 S.Ct. at page 1331: "In the absence of some indication from the face of the trust or surrounding circumstances that a steady flow of some ascertainable portion of income to the minor would be required, there is no basis for a conclusion that there is a gift of anything other than for the future." That statement, however, as already noted, was made in connection with a trust which lodged in the trustee a discretion as to when and how much would be paid to the beneficiary. Obviously, the statement has no relevancy to the instant case.

The Commissioner's reasoning reduces to a myth his concession that "gifts to minor beneficiaries are placed on an equality with gifts to adults." At any rate, no illustration is given as to how a gift of a present interest could be made to a minor of tender years. In fact, in oral argument, counsel for Commissioner, when pressed to give an illustration, was unable to do so other than to suggest that it might be made to an existing guardian. But even so, the use, possession or enjoyment of such a gift would not immediately fall to the minor. It could only be used for his benefit and under the law of guardianship in such amounts and at such times as the guardian might deem proper. And it would seem, under the argument here advanced, that its use, possession and enjoyment would be restricted and subject to contingencies which would make it a gift of future interest.

Suppose in the instant situation that the beneficiary had been an adult rather than a minor. Such adult, of course, could immediately have made a demand upon the trustee and have received the trust property. We suppose that such a gift unquestionably would be one of a present interest. But because the beneficiary is a minor, with the disabilities incident thereto, it is reasoned that the gift is of a future interest because the disabled beneficiary is not capable of making demand.

Further hypothetical cases immediately come to mind illustrative of the Commissioner's untenable position. Suppose the instant taxpayer instead of creating a trust had deposited in a bank $3,000 in a savings account (or even in a checking account) in the name of his grandson or had purchased government bonds in his name. Obviously, the grandson could not have made demand upon the bank in the one instance for a withdrawal of the money, or on the government in the other instance for the bonds or the proceeds thereof, and he could not have obtained the use, possession or enjoyment of either. What he would have acquired

would have been the right to the use, possession or enjoyment of the money or of the bonds through the means provided in all jurisdictions, so far as we are aware, that is, through a legally appointed guardian. However, we think under either supposition that the minor would have been the beneficiary of a gift of present rather than future interest. Certainly that would have been true if the beneficiary of the gift in either case had been an adult, and applying the Commissioner's concession that the same principle is to be applied in each case, it would seem to follow that it would be equally so where the beneficiary was a minor. At any rate, no court, so far as we are aware, has held to the contrary and we are not disposed to be the first. Further suppose that the taxpayer had conveyed by proper deed two farms, one to an adult and the other to a minor grandson. Again, the former no doubt would have been a gift of a present interest and we see no reason why the latter should not be accorded the same status, and this notwithstanding that the adult would have had the immediate use, possession and enjoyment of the farm to do with as he pleased, while the latter would only have had the right to such use, possession and enjoyment, acting through a legally appointed guardian and subject to such restrictions as the law of the jurisdiction might impose.

In all these supposititous instances, however, the reasoning of the Commissioner would inevitably lead to the result that the minor beneficiary acquired only a future interest because his right to the use, possession and enjoyment would be subject to the appointment of a guardian, with such restrictions as required by law. Thus, this reasoning, contrary to the Commissioner's assertion, would call for the application of not the same but a different principle, depending upon whether the beneficiary was an adult or a minor.

As heretofore shown, the fallaciousness of the Commissioner's contention is the failure to distinguish between restrictions and contingencies imposed by the donor (in this case the trust instrument), and such restrictions and contingencies as are due to disabilities always incident to and associated with minors and other incompetents. As to the former, it is authoritatively settled that a gift upon which the donor imposes such conditions or restrictions is of a future interest. In the latter, such restrictions as exist are imposed by law due to the fact that the beneficiary is incapable of acting on his own. It is our view, and we so hold, that such restrictions do not transform what otherwise would be a gift of present interest to one of future interest.

The decision of the Tax Court is reversed and the cause remanded, with directions to redetermine petitioner's deficiency, if any, in accordance with this decision.

KERNER, Circuit Judge (dissenting).

I believe the decision of the Tax Court, reported in 15 T.C. 111, is based on substantial evidence and is consistent with the law, hence I would affirm for the reasons stated in the opinion of the Tax Court.