## GILMORE

v.

## COMMISSIONER OF INTERNAL REVENUE.

No. 12037.

United States Court of Appeals,
Sixth Circuit.
June 2, 1954.

William M. Emery, Chicago, Ill. (E. H. McDermott, John S. Pennell, Chicago, Ill., on the brief), for petitioner.

Walter Akerman, Jr., Washington, D. C. (H. Brian Holland, Ellis N. Slack, Lee A. Jackson, on the brief), for respondent.

Before ALLEN and McALLISTER, Circuit Judges, and GOURLEY, District Judge.

McALLISTER, Circuit Judge.

The issue in this case is whether a gift of property in trust for the benefit of minors, providing that the trustees pay the principal and income to the beneficiaries upon their demand, with a further provision permitting the trustees to invest the trust funds in income or non-income producing investments, is a gift of a present interest. If such gift is one of a present interest, it is not taxable to the donor under Title 26 U.S.C.A. § 1003 (b)(3). If the gift is one of a future interest, the donor, under the circumstances of this case, is taxable. The Commissioner held that the gifts were of future interests; and the Tax Court sustained such holding in its decision, from which review is sought in this court. We are of the opinion that the decision of the Tax Court was erroneous and should be reversed.

Petitioner made the gifts, of corporate stock, by the creation of trusts for her seven minor grandchildren. The trusts provided that the trustees "*shall pay the principal and all income from the trust estate to (the named beneficiary) upon demand by the said (beneficiary)*, and in

case of his death this trust will terminate and all of the remaining principal and accumulated income therefrom shall be be paid to the estate of the said (beneficiary)." (Emphasis supplied.)

The trust further provided that "All payments of income or distribution of principal to the beneficiary . . . shall be made to such beneficiary in person or upon his personal receipts;" that they should not be grantable, transferable, or otherwise assignable in anticipation of payment thereof, in whole or in part, by the voluntary or involuntary acts of any such beneficiary, or by operation of law, and should not be liable or taken for any obligation of such beneficiary. It was further provided that payments or distributions to an incompetent beneficiary might be made by the trustees for the benefit of such beneficiary in certain designated ways as in the opinion of the trustees would be most desirable, as noted in the margin.[1]

The Commissioner, in his determination of deficiency, denied the claimed exclusion and determined that the gifts were of future interests on the ground that "Since the beneficiaries at the time of the transfers ranged in ages from one to seven years it is considered that each of the transfers of the trust income and corpus were 'future interests' as defined by the Commissioner." The Tax Court's decision was, however, not based on the minority of the beneficiaries but upon the terms of the trust which the court construed so to limit the beneficiaries'

rights, as to compel the conclusion that the gifts involved were of future interests, whether or not the beneficiaries were minors.

While the statute allows an exclusion for gifts of property other than gifts of future interests, it does not define "future interests;" but the term has the accepted meaning of an interest limited to commence in use, possession, or enjoyment, at some future date. United States v. Pelzer, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913. An interest in property is a present interest if the donee has the right presently to use, possess, or enjoy it. Fondren v. Commissioner, 324 U.S. 18, 65 S.Ct. 499, 89 L.Ed. 668. The Tax Court, in the instant case, held that the provision in the trusts, that the trustees shall pay the principal and all income upon demand to the beneficiary, gave the beneficiary the right to presently use, possess, or enjoy the property, and that this provision, alone, rendered all the gifts of present interest. But the court went on to say, and to hold, that the provision giving the trustees the authority to invest the trust corpus in non-income producing property, as well as the spendthrift clause, eliminated the right of the beneficiaries to demand payment of principal and income given them in the prior provision of the trust instrument. This seems to us a non-sequitur, which controlled and vitiated the decision below.

The Tax Court considered that the provision granting to the trustees gen-

---

1. "Payments or distributions to an incompetent beneficiary may be made by the Trustees for the benefit of such beneficiary in such of the following ways as in their opinion shall be most desirable: (a) directly to such beneficiary; (b) to the duly qualified legal representative or representatives of such beneficiary; (c) to some near relative or friend of such beneficiary; or (d) by the Trustees using payment directly for the benefit of such beneficiary. Distributions of the Trust Estate, or any share thereof, may be made in investments at the fair market value thereof and cash, or either, and in such proportions thereof as the Trustees shall deem to be most equitable.

*"Incompetent Persons.* A person shall be deemed 'incompetent' for the purposes of this agreement if he or she shall be under legal disability declared or adjudicated by a court of competent jurisdiction, or if he or she shall be incapacitated to such extent as, in the Trustees' opinion, shall make it impossible or impracticable for such person to give prompt and intelligent consideration to business matters. The Trustees may require, accept and act upon such evidence of the competence or incompetence of any person as the Trustees shall deem appropriate and reliable without liability by reason thereof."

eral investment powers, including the power to invest in such investments, whether producing income or not, as the trustees in their discretion should deem proper and for the best interests of the donee, resulted in making the donee's right to income contingent on the trustees' willingness to invest the corpus in such manner that income would be derived therefrom, and that such a contingent right was not a right presently to use, possess, or enjoy the property. But the trust gives the donee the absolute right to all income. The fact that there may not be income during a year is not a contingency imposed by the donor. It is the right of a donee to the income, rather than the accident of whether there is income at any given time, that is the criterion of present interest. That the corpus of a trust may consist of non-interest bearing notes, payable at a future date, does not prevent a gift from being one of present interest. Commissioner of Internal Revenue v. Kempner, 5 Cir., 126 F.2d 853. Nor does the "spendthrift" clause contained in the trust instrument do irreparable damage, as found by the Tax Court, to the contention that the gifts were of present interest. The presence of such a clause is not controlling in considering whether a gift is of a present interest, where the donee has the right at any time to demand payment to him of the corpus and income.

The Tax Court appears to have considered that the provision in the trust instrument for using payments of principal or income "directly for the benefit of such beneficiary" gave unqualified power in the discretion of the trustees, to hold the corpus and income in disregard of a direct demand for the payment thereof by a donee. Where a trust authorizes the payment by the trustee, upon demand by the beneficiary, either direct to the beneficiary, to his parent, or other person with whom he resides, or by direct application by the trustee for the benefit of the beneficiary, there is no discretion on the part of the trustee to withhold payment. And again,

we come back to the unqualified direction to the trustees to pay the principal or income of the trusts *on demand of the beneficiary*. Kieckhefer v. Commissioner, 7 Cir., 189 F.2d 118, 121, is an authority in point on the issue here presented. There, the donor created a trust for the benefit of his grandson, at that time less than one month of age. The instrument provided for payment to, or application for, the benefit of the beneficiary of so much of the trust income or principal as might be necessary for the education, comfort, and support of the beneficiary, with instructions to accumulate the balance of income for future distribution. It was further provided that the beneficiary was to be entitled to all or any part of the trust estate, free of trust, whenever he, or his legally appointed guardian, made due demand therefor by an instrument in writing. The Tax Court had held that the gift of both income and principal was clearly one of a future interest, and that the right of the beneficiary to demand payment was nugatory since a minor was incapable of making an effective demand. The Court of Appeals reversed, and held the gift to be one of present interest because the beneficiary's right to demand gave him an unconditional right to the present use, possession, or enjoyment of the property. In its decision, the court held that "It is not * * * the use, possession or enjoyment by the beneficiary which marks the dividing line between a present and future interest, but it is the right conferred upon the beneficiary to such use, possession or enjoyment." It is the right given to the donee, in the trust instrument, to use, possess, or enjoy, and not the capacity of the donee, which determines whether the gift is one of present or future interest. Fondren v. Commissioner, 324 U.S. 18, 65 S.Ct. 499, 89 L.Ed. 668. United States v. Pelzer, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913.

The government, however, submits that even though the beneficiaries were adults, the gifts in this case would be contingent to them for the same reason they would be contingent to the infant

beneficiaries, and that no beneficiary, adult or infant, could make an effective demand that the trustees pay him the entire estate at any time—in spite of the fact that the trust instrument expressly provides for such payment on demand. We are unable to concur in such a view, so obviously contrary to the donor's intention and so clearly contrary to the language of the trust instrument.

The Tax Court further decided that the gifts were not of present interest because the trust instrument provides that the trustees may determine, in their own discretion, whether a beneficiary is incapacitated to such an extent as to make it impossible for him to give prompt and intelligent consideration to business matters, and in such case, they were empowered to make payments at their sole discretion, among other ways, by using such payments for the benefit of the beneficiary. The Tax Court, therefore, held that the beneficiary's right to present enjoyment of income or principal was contingent on the mere whim of the trustees.

With regard to incompetence, the provision in the trust instrument is that a person shall be deemed "incompetent," for the purposes of the trust, if he shall be under legal disability, declared or adjudicated by a court of competent jurisdiction, *or if he shall be incapacitated* to such extent as, in the trustees' opinion, shall make it impossible or impracticable for him to give prompt and intelligent consideration to business matters, and that the trustees may require, accept, and act upon such evidence of the competence or incompetence of any person that the trustees shall deem appropriate and reliable. This certainly does not mean that the trustees may determine, by their mere whim, that a donee is incompetent, because incapacitated. "Incapacitated" is a strong word, and, according to the purport of the trust instrument, a conclusion by the trustees that a beneficiary is incompetent and incapacitated envisages reliance on trustworthy evidence. The discretion of the trustees in this regard is the discretion of reasonable men acting as trustees. They must act in good faith. They cannot act on arbitrary whim; and any such action could be remedied by a court of equity on grounds of betrayal of trust and abuse of discretion.

In accordance with the foregoing, the decision of the Tax Court is reversed and the deficiency expunged.