TRUST NO. 3, C. E. and Margaret Brehm, Trustees, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 13075.

United States Court of Appeals Seventh Circuit.

Dec. 22, 1960.

Don O. Russell, St. Louis, Mo., David E. Furnall, Mt. Vernon, Ill., for petitioner.

Charles K. Rice, Asst. Atty. Gen., Meyer Rothwacks, Atty., Tax Division Dept. of Justice, Washington, D. C., Michael I. Smith, Atty., Dept. of Justice, Washington, D. C., for respondent.

Before SCHNACKENBERG and KNOCH, Circuit Judges, and PLATT, District Judge.

SCHNACKENBERG, Circuit Judge.

By petition for review, Trust No. 3, C. E. and Margaret Brehm, Trustees, herein referred to as "petitioner", brings to us decisions of the Tax Court [1] entered January 29, 1960, which determined deficiencies in income taxes owed by petitioner for the years 1955 and 1956.

The facts were stipulated in the Tax Court and were incorporated in its findings of fact and opinion. So far as here relevant they are now stated.

On March 4, 1954, Charles E. Brehm and Margaret F. Brehm, husband and wife, executed a written instrument entitled "Trust Agreement No. 3" naming themselves as both Donor and Trustee, and their minor children, Sylvia L., Karen K., and Jane Elizabeth Brehm, as beneficiaries.

The trust indenture provides in material part as follows:

"That Donor desires to convey and assign from time to time to the Trustee, property and securities * * * to have and to hold in trust absolutely and irrevocably for the sole use and benefit of the beneficiaries * *.

\* \* \* \* \* \*

"II.

"The Trustee during the time that this trust is in effect, shall have the power and authority to manage said property with power to sell, * * *.

"III.

"The Trustee shall pay to the beneficiaries, or apply on their behalf, such income from the trust and so much principal thereof as may be necessary for the education, comfort and support of the beneficiaries and shall accumulate for such beneficiaries all income not so needed. The trust estate shall be deemed vested absolutely in said beneficiaries and shall be their property but the Trustee is authorized and directed to hold said estate unless the trust be prior terminated as hereinafter provided, until each beneficiary becomes the age of twenty five years at which time the Trustee shall pay over to them their equal share of said trust estate including all accumulations. In the event that one or more of the beneficiaries shall die prior to her becoming twenty five years of age the said trust estate and any accumulations shall belong to her estate and shall be paid over to her administrator.

"IV.

"If during the term of this trust there should be any accumulation of income, or cash received from the sale of any of the principal, the Trustee shall have the right to invest or re-invest such accumulated income or principal as shall be deemed desirable to the Trustee and he shall not be restricted to a class of investments which a Trustee is or may hereafter be permitted by law to make.

"V.

"This trust has been created by the Donor after full consideration and advice and upon such consideration and advice the Donor has determined

1. 33 T.C. No. 84.

that this trust shall not contain any right in the Donor to alter, amend, revoke or terminate it. The beneficiaries shall be entitled to all or any part of their share of the trust or to terminate the trust estate in whole or in part at anytime whenever the said Sylvia Brehm, Karen Brehm and Jane Elizabeth Brehm or the legally appointed guardian for one of their estates shall make due demand thereof by instrument in writing filed with the then Trustee and, upon such demand being received by the Trustee, the Trustee shall pay said trust estate and its accumulations or the part thereof. for which demand is made over to the said beneficiaries or to the legally appointed guardian for any one of their estates who made such demands on their behalf.

"It is the intent and purpose of the Donor to provide for gifts to the beneficiaries as fully and effectively as though the gifts were made directly to her, and her estate was administered by a legally appointed guardian, with the exception that the Trustee herein appointed shall not be limited in the performance of his duties in the manner that a legal guardian would be limited under the laws of any state."

During the period from March 4, 1954 to December 31, 1956, the beneficiaries under the trust indenture were under the age of twenty-one years.[2] Moreover, they had no legally appointed guardian during that period.

In its income tax returns for the years 1955 and 1956 the trust reported net income in the respective amounts of $34,202.03 and $30,346.28. In each return the amount reported was taken as a "Deduction for distributions" to beneficiaries, with the result that the trust reported no taxable income. However, no such distribution was ever made by the trustees to the beneficiaries and in fact the entire income as reported was accumulated by the trust. The Commissioner disallowed said deductions and held the reported income taxable.

The Tax Court held that all the income was that of the trust and that the trust is not entitled to deduct any of the income under either § 651, § 661 or § 678 of the 1954 Code; hence the Commissioner did not err in holding that all the income is taxable to the trust and in determining deficiencies against it for the years 1955 and 1956.[3]

26 U.S.C.A. § 641, 1954, provides:

"§ 641. Imposition of tax

"(a) Application of tax.—The taxes imposed by this chapter on individuals shall apply to the taxable income of estates or of any kind of property held in trust, including—

\* \* \* \* \* \*

"(4) income which, in the discretion of the fiduciary, may be either distributed to the beneficiaries or accumulated."

26 U.S.C.A. § 651, 1954, provides:

"§ 651. Deduction for trusts distributing current income only

"(a) Deduction.—In the case of any trust the terms of which—

"(1) provide that all of its income is required to be distributed currently, and

"(2) do not provide that any amounts are to be paid, permanently set aside, or used for the purposes specified in section 642(c) (relating to deduction for charitable etc., purposes),

there shall be allowed as a deduction in computing the taxable income of the trust the amount of the income for the taxable year which is required to be distributed currently. This section shall not apply in any taxable year in which the trust dis-

---

2. Upon oral argument we were informed that on March 4, 1954 the beneficiaries were of the following ages: 5 months, 10 years, and 14 years.

3. No question is raised as to a personal deduction of $100 for each year allowed by the Commissioner, in accordance with 26 U.S.C.A. § 642(b), 1954.

tributes amounts other than amounts of income described in paragraph (1)."

26 U.S.C.A. § 661, 1954, provides:

"§ 661. Deduction for estates and trusts accumulating income or distributing corpus

"(a) Deduction.—In any taxable year there shall be allowed as a deduction in computing the taxable income of an estate or trust * * * the sum of—

"(1) any amount of income for such taxable year required to be distributed currently (including any amount required to be distributed which may be paid out of income or corpus to the extent such amount is paid out of income for such taxable year); and

"(2) any other amounts properly paid or credited or required to be distributed for such taxable year;"

26 U.S.C.A. § 678, 1954, provides:

"§ 678. Person other than grantor treated as substantial owner

"(a) General rule.—A person other than the grantor shall be treated as the owner of any portion of a trust with respect to which:

"(1) such person has a power exercisable solely by himself to vest the corpus or the income therefrom in himself, * * *."

■ 1. In taking the first step in the solution of the problem before us, it appears from an application of § 641 to the facts in the record that a tax has been initially imposed upon the fiduciary in this case by the provisions of § 641. Such tax liability is expressly admitted by the fiduciary's returns for the taxable years, although the returns claim deductions in the same amounts as the tax liabilities admitted.

2. In taking the second step, we are confronted with the question, whether the fiduciary is entitled to these deductions, which are claimed under §§ 651, 661 or 678.

It seems clear that there was no requirement in the trust instrument that the income of the trust be distributed currently and there is no showing that the fiduciary actually paid or credited such income to the beneficiaries during either of the taxable years involved. While there is a provision in the trust agreement requiring the trustee to pay from the income and principal of the trust so much as may be necessary for the education, comfort and support of the beneficiaries, there is no evidence that any such payments have been made or that any such need has existed. Hence, all trust income was accumulated. Under these facts, the trust has not qualified for the deduction as provided in § 651(a)(1) or § 661(a)(2).

■ 3. In the third and final step, we dispose of the conflicting contentions of the parties as to the effect of § 678 upon this case.

In his brief in this court the Commissioner brings our problem into focus by stating:

"The germane inquiry here is whether there could have been an actual termination of the trust or the taking of any part of the trust corpus or income on behalf of these beneficiaries during either of the taxable years before this Court."

He proceeds to answer his own inquiry by asserting that under the trust indenture only the beneficiaries or their legally appointed guardians could terminate the trust estate and that, inasmuch as the beneficiaries were minors during the years in question, they could not themselves terminate the trust, and, there being no guardian appointed during those years, there was then "no one who was immediately qualified to make the prescribed demand set forth in Paragraph V." The Commissioner expresses the belief

" * * * that this is a complete answer to the argument of the taxpayer-trust that Paragraph V alone

warranted taxation of the trust's income to the beneficiaries, under Section 678 of the 1954 Code. * * "

We believe that, for several reasons, the Commissioner's argument lacks substance. It is not denied by him that the beneficiaries were given a right to terminate the trust and to take possession of the trust property, but he considers that their minority bars them because (he says) they could not assert that right except through a guardian duly appointed. This distinction is unconvincing in view of the fact that the appointment of a guardian for a minor under a state law is a matter of routine in which the federal government has no concern. To effectuate a termination of the trust as to any child and a delivery of its share of the accumulated income or corpus to the child, customarily there would be delivered to the trustees a properly authenticated copy of letters of guardianship and a receipt for the assets and monies delivered. However, we think the necessity of such routine steps would have no bearing upon the· fundamental question of the legal right of the beneficiaries to terminate the trust. We should not deny an undisputed right because the conventional methods of exercising it have not been described in the instrument creating the right.

In this court both parties rely on Fondren v. Commissioner, 324 U.S. 18, 65 S.Ct. 499, 89 L.Ed. 668. We cited Fondren in Kieckhefer v. Commissioner, 7 Cir., 189 F.2d 118, 121 and quoted from 324 U.S. at page 20, 65 S.Ct. at page 501:

"'* * * it is not enough to bring the exclusion into force that the donee has vested rights. In addition he must have the right presently to use, possess or enjoy the property.'"

For the reasons that we have stated, we believe that the principles governing the holdings in Fondren and Kieckhefer conform with the result which we now reach.

We hold that each of the beneficiaries named in the trust instrument became vested with a present right to use all or any part of her share of the property of the trust upon making due demand.

For the reasons hereinbefore set forth, the decisions of the Tax Court are reversed.

Reversed.