# Order

Michigan Supreme Court
Lansing, Michigan

November 28, 2005

Clifford W. Taylor
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Justices

126562

BETTY SORKOWITZ, Individually and as Trustee
for the MORRIS & SARAH FRIEDMAN
IRREVOCABLE TRUST, Betty Sorkowitz,
Trustee for the SARAH FRIEDMAN TRUST,
Betty Sorkowitz, Personal Representative for the
ESTATE OF SARAH FRIEDMAN, BETMAR
CHARITABLE FOUNDATION, INC., JULIE
SHIFFMAN, JANET JACOBS, CAROLYN
JACOBS, RENEE JACOBS, JODIE SHIFFMAN
and JEFFREY SHIFFMAN,
            Plaintiffs-Appellees,

v

LAKRITZ, WISSBRUN & ASSOCIATES, P.C.,
a/k/a LAKRITZ, WISSBURN & ASSOCIATES,
P.C., GERALD LAKRTIZ and KENNETH
WISSBRUN, a/k/a KENNETH WISSBURN,
            Defendants-Appellants.

SC: 126562
COA: 242016
Oakland CC: 01-037192-NO

_____/

On order of the Court, leave to appeal having been granted, 472 Mich 898 (2005), and the briefs and oral argument of the parties having been considered by the Court, we REVERSE the April 27, 2004 judgment of the Court of Appeals and REINSTATE the order of the Oakland Circuit Court granting defendants' motion for summary disposition. *Mieras v DeBona*, 452 Mich 278, 303 (1996) (a beneficiary may not "use extrinsic evidence to prove that the testator's intent is other than that set forth in the will").

KELLY, J., dissents and states as follows:

The Court should not rule on this case peremptorily. The case raises important issues about legal malpractice and about standing in certain estate planning controversies. It deserves plenary treatment.

Here, the plaintiffs on appeal are beneficiaries, trustees, and estate representatives. They appealed from a grant of summary disposition in favor of defendants, the attorneys who drafted a trust. Their suit claimed that defendants committed malpractice by failing to advise the testators concerning the consequences of not including a "*Crummey* trust"

clause[1] in the trust. Plaintiffs contend that the absence of a *Crummey* clause resulted in a trust estate tax liability of between $1 million and $1.5 million. The Court of Appeals majority ruled for plaintiffs, setting aside the trial court's order of summary disposition.

Defendants have appealed to this Court to seek reinstatement of the order of summary disposition, asserting that there is no admissible evidence of malpractice.[2] This Court disposes of the case by relying solely on the four-corners rule expressed in *Mieras v DeBona*, 452 Mich 278 (1996).[3] That reliance is misplaced because it ignores the distinction between erroneous trust preparation and erroneous tax advice in the preparation of a trust. *Mieras* involves the former; this case involves the latter.

It is beyond argument that people seek the advice of a lawyer in the preparation of a trust in large part to safeguard their assets from loss. A major ingredient in the lawyer's advice concerns the tax implications of possible trust provisions. It is also without question that most people wish to avoid the burden of taxes to the extent the law allows. It is far more likely that any given testator intends to avoid taxable events than it is that the testator is indifferent to them. It would be foolish for the Court to ignore these truisms.

In this case, it is claimed that the lack of a *Crummey* clause increased the estate's tax liability by a million dollars or more. But the majority's action today means that no hearing will ever be held to determine if defendants advised the testators about the need for a *Crummey* clause. The adequacy of the tax advice that defendants gave to the decedents will never be plumbed. This is both unwise and unfair to plaintiffs. The Court of Appeals acted correctly in remanding the case to the trial court for further discovery and for identification of the proper parties.

It is obvious that this case raises important questions regarding legal malpractice in the area of estate planning. If courts are limited to the four corners of a trust to find malpractice for negligent tax advice regarding the trust, the attorney giving the advice could escape all liability. As long as the malpractice is not discernible on the face of the

---

[1] *Crummey v Comm'r of Internal Revenue*, 397 F2d 82 (CA 9, 1968). A *Crummey* clause enables beneficiaries annually to withdraw from the trust monies that are then treated as gifts for tax purposes. See *Hatleberg v Northwest Bank Wis*, 2005 Wis 109 (2005), for a more detailed discussion of *Crummey* clauses.

[2] Defendants assert also that the plaintiffs who are not beneficiaries are not proper parties.

[3] The four-corners rule states that extrinsic evidence is inadmissible to prove that a testator's intent is other than that set forth in the testator's will or trust.

document,[4] the attorney will be protected. It seems obvious that such vast protection prejudices the interests of people seeking the expert tax advice of estate planning attorneys specifically and harms the legal profession in general.

I understand the concerns of the attorneys in this practice area. And I do not wish them to have any less protection than that enjoyed by their colleagues in other areas of the law. Conversely, estate planning attorneys should have the same degree of accountability for their errors as do all other attorneys.

I agree with the Court of Appeals majority that the *Mieras* four-corners rule is inapplicable to this case. Unlike *Mieras,* which involved trust preparation, this case involves alleged malpractice for faulty tax advice. The question of standing should be resolved only after further discovery in the trial court. Consequently, summary disposition for defendants was erroneously entered.

MARKMAN, J., dissents and states as follows:

For the reasons set forth by Justice Kelly, I do not believe that the Court of Appeals decision should peremptorily be reversed. Not to place too fine a point on this dispute, decedents presumably hired defendant law firm to maximize their estate, yet wound up paying an extra $1 million to $1.5 million in taxes because of the absence of a *Crummey* clause. I would add the following to Justice Kelly's statement: (1) I am not persuaded that a testator's intent is accorded maximum respect by a legal malpractice doctrine that denies an estate the ability to look to extrinsic evidence; (2) I am not persuaded that attorneys generally should be immune from malpractice actions for failure to apprise clients of fundamental tax-saving devices; (3) I am not persuaded that the Court of Appeals unreasonably distinguished *Mieras v Debona*, 452 Mich 278, 303 (1996), in terms of disputes between beneficiaries and disputes raising claims of legal malpractice; (4) I am not persuaded that a testator's intent, absent evidence to the contrary, cannot be presumed as desiring that tax burdens upon his or her estate be minimized through the use of reasonable tax-saving devices;[5] and (5) I am not persuaded that *Mieras* is relevantly cited, as it is here by the majority, for the proposition that "a beneficiary may not 'use extrinsic evidence to prove that the testator's intent is other than that set forth in the will.'" While this may be true, plaintiffs do not seek to use extrinsic

---

[4] Such a clearly expressed legal mistake would be rare. Likely, the document would have to contradict itself for the mistake to be found on its face.

[5] I am not unaware that there arguably is evidence in this case to suggest that a *Crummey* clause may not have been consistent with the testators' intent. However, I would leave this question for jury resolution rather than granting summary judgment for defendants.

evidence "to prove that the testator's intent is other than that set forth in the will." Rather, they seek to use such evidence to prove that defendants committed malpractice in failing to advise the decedents about the advantages of a *Crummey* clause. In other words, they seek to use such evidence not to show the testators' intent was different, but rather to show that *because of defendants' negligence*, the testators never formed a different intent.

d1122



I, CORBIN R. DAVIS, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

_November 28_, 200 _5_  _____

Deputy   Clerk