ESTATE OF MARIA CRISTOFANI, DECEASED, FRANK
CRISTOFANI, EXECUTOR, PETITIONER v.
COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT

Docket No. 28538-89.          Filed July 29, 1991.

*Owen G. Fiore* and *Mark R. Shepherd*, for the petitioner.
*Elizabeth D. Rawlins*, for the respondent.

RUWE, *Judge:* Respondent determined a deficiency in
petitioner's Federal estate tax in the amount of $49,486.
The sole issue for decision is whether transfers of property
to a trust, where the beneficiaries possessed the right to
withdraw an amount not in excess of the section 2503(b)
exclusion within 15 days of such transfers, constitute gifts
of a present interest in property within the meaning of
section 2503(b).

### FINDINGS OF FACT

Petitioner is the Estate of Maria Cristofani, deceased, Frank Cristofani, executor. Maria Cristofani (decedent) died testate on December 16, 1985. At the time of her death, decedent resided in the State of California. Petitioner's Federal estate tax return (Form 706) was timely filed with the Internal Revenue Service Center in Fresno, California, on September 16, 1986.

Decedent has two children, Frank Cristofani and Lillian Dawson. Decedent's children were both born on July 9, 1948. They were in good health during the years 1984 and 1985.

Decedent has five grandchildren. Two of decedent's five grandchildren are Frank Cristofani's children. They are Anthony Cristofani, born July 16, 1975, and Loris Cristofani, born November 30, 1978. Decedent's three remaining grandchildren are Lillian Dawson's children. They are Justin Dawson, born December 1, 1972, Daniel Dawson, born August 9, 1974, and Luke Dawson, born November 14, 1981. During 1984 and 1985, the parents of decedent's grandchildren were the legal guardians of the person of their respective minor children. There were no independently appointed guardians of decedent's grandchildren's property.

On June 11, 1984, decedent executed a durable power of attorney which named her two children, Frank Cristofani and Lillian Dawson, as her attorneys in fact. On that same day, decedent executed her will.

On June 12, 1984, decedent executed an irrevocable trust entitled the Maria Cristofani Children's Trust I (children's trust). Frank Cristofani and Lillian Dawson were named the trustees of the children's trust.

In general, Frank Cristofani and Lillian Dawson possessed the following rights and interests in the children's trust corpus and income. Under Article Twelfth, following a contribution to the children's trust, Frank Cristofani and Lillian Dawson could each withdraw an amount not to exceed the amount specified for the gift tax exclusion under section 2503(b). Such withdrawal period would begin on the date of the contribution and end on the 15th day following such contribution. Under Article Third, Frank Cristofani and Lillian Dawson were to receive equally the entire net

income of the trust quarter-annually, or at more frequent intervals. After decedent's death, under Article Third, the trust estate was to be divided into as many equal shares as there were children of decedent then living or children of decedent then deceased but leaving issue. Both Frank Cristofani and Lillian Dawson survived decedent, and thus the children's trust was divided into two equal trusts. Under Article Third, if a child of decedent survived decedent by 120 days, that child's trust would be distributed to the child. Both Frank Cristofani and Lillian Dawson survived decedent by 120 days, and their respective trusts were distributed upon the expiration of the 120-day waiting period. During the waiting period, Frank Cristofani and Lillian Dawson received the entire net income of the separate trusts as provided for in Article Third.

In general, decedent's five grandchildren possessed the following rights and interests in the children's trust. Under Article Twelfth, during a 15-day period following a contribution to the children's trust, each of the grandchildren possessed the same right of withdrawal as described above regarding the withdrawal rights of Frank Cristofani and Lillian Dawson. Under Article Twelfth, the trustee of the children's trust was required to notify the beneficiaries of the trust each time a contribution was received. Under Article Third, had either Frank Cristofani or Lillian Dawson predeceased decedent or failed to survive decedent by 120 days, his or her equal portion of decedent's children's trust would have passed in trust to his or her children (decedent's grandchildren).

Under Article Third, the trustees, in their discretion, could apply as much of the principal of the children's trust as necessary for the proper support, health, maintenance, and education of decedent's children. In exercising their discretion, the trustees were to take into account several factors, including "The settlor's desire to consider the settlor's children as primary beneficiaries and the other beneficiaries of secondary importance."

Decedent intended to fund the corpus of the children's trust with 100-percent ownership of improved real property, on which a warehouse was located, identified as the 2851 Spring Street, Redwood City, California, property (Spring

Street property). Decedent intended that a one-third undivided interest in the Spring Street property be transferred to the children's trust during each of the 3 taxable years 1984, 1985, and 1986. The Spring Street property was unencumbered property at all times pertinent to this case.

Consistent with her intent, decedent transferred, on December 17, 1984, an undivided 33-percent interest in the Spring Street property to the children's trust by a quitclaim deed. Similarly, in 1985, decedent transferred a second undivided 33-percent interest in the Spring Street property to the children's trust by a quitclaim deed which was recorded on November 27, 1985. Decedent intended to transfer her remaining undivided interest in the Spring Street property to the children's trust in 1986. However, decedent died prior to making the transfer, and her remaining interest in the Spring Street property remained in her estate.

The value of the 33-percent undivided interest in the Spring Street property that decedent transferred in 1984 was $70,000. The value of the 33-percent undivided interest in the Spring Street property that decedent transferred in 1985 also was $70,000.

Decedent did not report the two $70,000 transfers on Federal gift tax returns. Rather, decedent claimed seven annual exclusions of $10,000 each under section 2503(b) for each year 1984 and 1985. These annual exclusions were claimed with respect to decedent's two children and decedent's five grandchildren.

There was no agreement or understanding between decedent, the trustees, and the beneficiaries that decedent's grandchildren would not exercise their withdrawal rights following a contribution to the children's trust. None of decedent's five grandchildren exercised their rights to withdraw under Article Twelfth of the children's trust during either 1984 or 1985. None of decedent's five grandchildren received a distribution from the children's trust during either 1984 or 1985.

Respondent allowed petitioner to claim the annual exclusions with respect to decedent's two children. However, respondent disallowed the $10,000 annual exclusions claimed with respect to each of decedent's grandchildren

claimed for the years 1984 and 1985. Respondent determined that the annual exclusions that decedent claimed with respect to her five grandchildren for the 1984 and 1985 transfers, of the Spring Street property, were not transfers of present interests in property. Accordingly, respondent increased petitioner's adjusted taxable gifts in the amount of $100,000.

## OPINION

Section 2001(a) imposes a tax on the transfer of the taxable estate of every decedent who is a citizen or resident of the United States. The tax imposed is equal to the excess of the tentative tax on the sum of the amount of the taxable estate and the amount of adjusted taxable gifts, over the amount of tax which would have been payable as a gift tax with respect to gifts made by a decedent after December 31, 1976. Sec. 2001(b). The term "adjusted taxable gifts" means the total amount of taxable gifts (within the meaning of section 2503) made by a decedent after December 31, 1976, other than gifts which are includable in the gross estate of the decedent. Sec. 2001(b). Section 2503(a) defines "taxable gifts" as the total amount of gifts made during the calendar year, less certain statutory deductions.

Section 2503(b) provides that the first $10,000 of gifts to any person during a calendar year shall not be included in the total amount of gifts made during such year. A trust beneficiary is considered the donee of a gift in trust for purposes of the annual exclusion under section 2503(b). Sec. 25.2503-2(a), Gift Tax Regs.; *Helvering v. Hutchings*, 312 U.S. 393 (1941). The section 2503(b) exclusion applies to gifts of present interests in property and does not apply to gifts of future interests in property. Sec. 2503(b); sec. 25.2503-3(a), Gift Tax Regs.; *United States v. Pelzer*, 312 U.S. 399 (1941); *Estate of Kolker v. Commissioner*, 80 T.C. 1082 (1983); *Quatman v. Commissioner*, 54 T.C. 339 (1970). The regulations define a future interest to include "reversions, remainders, and other interests or estates, whether vested or contingent, and whether or not supported by a particular interest or estate, which are limited to commence in use, possession or enjoyment at some future date or

time." Sec. 25.2503-3(a), Gift Tax Regs.; see *Commissioner v. Disston*, 325 U.S. 442 (1945); *Fondren v. Commissioner*, 324 U.S. 18 (1945). The regulations further provide that "An unrestricted right to the immediate use, possession, or enjoyment of property or the income from property (such as a life estate or term certain) is a present interest in property. An exclusion is allowable with respect to a gift of such an interest (but not in excess of the value of the interest)." Sec. 25.2503-3(b), Gift Tax Regs.; see *United States v. Pelzer, supra.*

In the instant case, petitioner argues that the right of decedent's grandchildren to withdraw an amount equal to the annual exclusion within 15 days after decedent's contribution of property to the children's trust constitutes a gift of a present interest in property, thus qualifying for a $10,000 annual exclusion for each grandchild for the years 1984 and 1985. Petitioner relies upon *Crummey v. Commissioner*, 397 F.2d 82 (9th Cir. 1968), revg. on this issue T.C. Memo. 1966-144.

In *Crummey v. Commissioner*, T.C. Memo. 1966-144, affd. in part and revd. in part 397 F.2d 82 (9th Cir. 1968), the settlors created an irrevocable living trust for the benefit of their four children, some of whom were minors. The trustee was required to hold the property in equal shares for the beneficiaries. Under the terms of the trust, the trustee, in his discretion, could distribute trust income to each beneficiary until that beneficiary obtained the age of 21. When the beneficiary was age 21 and up until age 35, the trustee was required to distribute trust income to each beneficiary. When the beneficiary was age 35 and over, the trustee was authorized, in his discretion, to distribute trust income to the beneficiary or his or her issue. Upon the death of a beneficiary, his or her trust share was to be distributed to that beneficiary's surviving issue subject to certain age requirements. If a beneficiary died without issue, then his or her trust share was to be distributed equally to the trust shares of the surviving children of the grantors. In addition, each child was given an absolute power to withdraw up to $4,000 in cash of any additions to corpus in the calendar year of the addition, by making a written demand upon the trustee prior to the end of the calendar year.

Relying on these powers, the settlors claimed the section 2503(b) exclusion on transfers of property to the trust for each trust beneficiary.[2] Respondent permitted the settlors to claim the exclusions with respect to the gifts in trust to the beneficiaries who were adults during the years of the additions. However, respondent disallowed exclusions with respect to the gifts in trust to the beneficiaries who were minors during such years. Respondent disallowed the exclusions for the minor beneficiaries on the ground that the minors' powers were not gifts of present interests in property.

In deciding whether the minor beneficiaries received a present interest, the Ninth Circuit specifically rejected any test based upon the likelihood that the minor beneficiaries would actually receive present enjoyment of the property.[3] Instead, the court focused on the legal right of the minor beneficiaries to demand payment from the trustee. The Ninth Circuit, relying on *Perkins v. Commissioner*, 27 T.C. 601 (1956), and *Gilmore v. Commissioner*, 213 F.2d 520 (6th Cir. 1954), revg. 20 T.C. 579 (1953), stated:

All exclusions should be allowed under the *Perkins* test or the "right to enjoy" test in *Gilmore*. Under *Perkins*, all that is necessary is to find that the demand could not be resisted. We interpret that to mean legally resisted, and going on that basis, we do not think the trustee would have any choice but to have a guardian appointed to take the property demanded. [*Crummey v. Commissioner*, 397 F.2d at 88.]

The court found that the minor beneficiaries had a legal right to make a demand upon the trustee, and allowed the settlors to claim annual exclusions, under section 2503(b), with respect to the minor trust beneficiaries.

The Ninth Circuit recognized that there was language in a prior case, *Stifel v. Commissioner*, 197 F.2d 107 (2d Cir.

---

[2]During the years in *Crummey*, 1962 and 1963, the sec. 2503(b) annual exclusion was $3,000.
[3]The Ninth Circuit stated:
Although under our interpretation neither the trust nor the law technically forbid a demand by the minor, the practical difficulties of a child going through the procedures seem substantial. In addition, the surrounding facts indicate the children were well cared for and the obvious intention of the trustors was to create a long term trust. * * * As a practical matter, it is likely that some, if not all, of the beneficiaries did not even know that they had any right to demand funds from the trust. They probably did not know when contributions were made to the trust or in what amounts. Even had they known, the substantial contributions were made toward the end of the year so that the time to make a demand was severely limited. * * * We think it unlikely that any demand ever would have been made. [*Crummey v. Commissioner*, 397 F.2d 82, 87-88 (9th Cir. 1968).]

1952), affg. 17 T.C. 647 (1951), that seemed to support a different test.[4]

As we read the *Stifel* case, it says that the court should look at the trust instrument, the law as to minors, and the financial and other circumstances of the parties. From this examination it is up to the court to determine whether it is likely that the minor beneficiary is to receive any present enjoyment of the property. If it is not likely, then the gift is a "future interest." [*Crummey v. Commissioner, supra* at 85.]

As previously stated, the Ninth Circuit rejected a test based on the likelihood that an actual demand would be made. Respondent does not rely on or cite *Stifel* in his brief. We believe that the test set forth in *Crummey v. Commissioner, supra*, is the correct test.

Subsequent to the opinion in *Crummey*, respondent's revenue rulings have recognized that when a trust instrument gives a beneficiary the legal power to demand immediate possession of corpus, that power qualifies as a present interest in property. See Rev. Rul. 85-24, 1985-1 C.B. 329, 330 ("When a trust instrument gives a beneficiary the power to demand immediate possession of corpus, the beneficiary has received a present interest. *Crummey v. Commissioner*, 397 F.2d 82 (9th Cir. 1968)"; Rev. Rul. 81-7, 1981-1 C.B. 474 ("The courts have recognized that if a trust instrument gives a beneficiary the power to demand immediate possession and enjoyment of corpus or income, the beneficiary has a present interest. *Crummey v. Commissioner*, 397 F.2d 82 (9th Cir. * * * [1968])." While we recognize that revenue rulings do not constitute authority for deciding a case in this Court, *Stark v. Commissioner*, 86 T.C. 243, 250-251 (1986); *Neuhoff v. Commissioner*, 75 T.C. 36, 46 (1980), affd. 669 F.2d 291 (5th Cir. 1982), we mention them to show respondent's recognition that a trust beneficiary's legal right to demand immediate possession and enjoyment of trust corpus or income constitutes a present interest in property for purposes of the annual exclusion under section 2503(b). See *Tele-Communications, Inc. v. Commissioner*, 95 T.C. 495, 510 (1990). We also note that respondent allowed the annual exclusions with respect to decedent's two children who possessed the same right of withdrawal as decedent's grandchildren.

---

[4]See *Heidrich v. Commissioner*, 55 T.C. 746, 750 n.8 (1971).

In the instant case, respondent has not argued that decedent's grandchildren did not possess a legal right to withdraw corpus from the children's trust within 15 days following any contribution, or that such demand could have been legally resisted by the trustees. In fact, the parties have stipulated that "following a contribution to the children's trust, each of the grandchildren possessed the *same right of withdrawal* as * * * the withdrawal rights of Frank Cristofani and Lillian Dawson." (Emphasis added.) The legal right of decedent's grandchildren to withdraw specified amounts from the trust corpus within 15 days following any contribution of property constitutes a gift of a present interest. *Crummey v. Commissioner, supra.*

On brief, respondent attempts to distinguish *Crummey* from the instant case. Respondent argues that in *Crummey* the trust beneficiaries not only possessed an immediate right of withdrawal, but also possessed "substantial, future economic benefits" in the trust corpus and income. Respondent emphasizes that the children's trust identified decedent's children as "primary beneficiaries," and that decedent's grandchildren were to be considered as "beneficiaries of secondary importance."

Generally, the beneficiaries of the trust in *Crummey* were entitled to distributions of income. Trust corpus was to be distributed to the issue of each beneficiary sometime following the beneficiary's death. See *Crummey v. Commissioner*, T.C. Memo. 1966-144. Aside from the discretionary actions of the trustee, the only way any beneficiary in *Crummey* could receive trust corpus was through the demand provision which allowed each beneficiary to demand up to $4,000 in the year in which a transfer to the trust was made. The Ninth Circuit observed:

In our case * * * if no demand is made in any particular year, the additions are forever removed from the uncontrolled reach of the beneficiary since, with exception of the yearly demand provision, the only way the corpus can ever be tapped by a beneficiary, is through a distribution at the discretion of the trustee. [*Crummey v. Commissioner*, 397 F.2d at 88.]

In the instant case, the primary beneficiaries of the children's trust were decedent's children. Decedent's grandchildren held contingent remainder interests in the

children's trust. Decedent's grandchildren's interests vested only in the event that their respective parent (decedent's child) predeceased decedent or failed to survive decedent by more than 120 days. We do not believe, however, that *Crummey* requires that the beneficiaries of a trust must have a vested present interest or vested remainder interest in the trust corpus or income, in order to qualify for the section 2503(b) exclusion.

As discussed in *Crummey*, the likelihood that the beneficiary will actually receive present enjoyment of the property is not the test for determining whether a present interest was received. Rather, we must examine the ability of the beneficiaries, in a legal sense, to exercise their right to withdraw trust corpus, and the trustee's right to legally resist a beneficiary's demand for payment. *Crummey v. Commissioner*, 397 F.2d at 88. Based upon the language of the trust instrument and stipulations of the parties, we believe that each grandchild possessed the legal right to withdraw trust corpus and that the trustees would be unable to legally resist a grandchild's withdrawal demand. We note that there was no agreement or understanding between decedent, the trustees, and the beneficiaries that the grandchildren would not exercise their withdrawal rights following a contribution to the children's trust.

Respondent also argues that since the grandchildren possessed only a contingent remainder interest in the children's trust, decedent never intended to benefit her grandchildren. Respondent contends that the only reason decedent gave her grandchildren the right to withdraw trust corpus was to obtain the benefit of the annual exclusion.

We disagree. Based upon the provisions of the children's trust, we believe that decedent intended to benefit her grandchildren. Their benefits, as remaindermen, were contingent upon a child of decedent's dying before decedent or failing to survive decedent by more than 120 days. We recognize that at the time decedent executed the children's trust, decedent's children were in good health, but this does not remove the possibility that decedent's children could have predeceased decedent.

In addition, decedent's grandchildren possessed the power to withdraw up to an amount equal to the amount allowable

for the 2503(b) exclusion. Although decedent's grandchildren never exercised their respective withdrawal rights, this does not vitiate the fact that they had the legal right to do so, within 15 days following a contribution to the children's trust. Events might have occurred to prompt decedent's children and grandchildren (through their guardians) to exercise their withdrawal rights. For example, either or both of decedent's children and their respective families might have suddenly and unexpectedly been faced with economic hardship; or, in the event of the insolvency of one of decedent's children, the rights of the grandchildren might have been exercised to safeguard their interest in the trust assets from their parents' creditors. In light of the provisions in decedent's trust, we fail to see how respondent can argue that decedent did not intend to benefit her grandchildren.[5]

Finally, the fact that the trust provisions were intended to obtain the benefit of the annual gift tax exclusion does not change the result. As we stated in *Perkins v. Commissioner, supra,*

regardless of the petitioners' motives, or why they did what they in fact did, the legal rights in question were created by the trust instruments and could at any time thereafter be exercised. Petitioners having done what they purported to do, their tax-saving motive is irrelevant. [*Perkins v. Commissioner*, 27 T.C. at 606.]

Based upon the foregoing, we find that the grandchildren's right to withdraw an amount not to exceed the section 2503(b) exclusion, represents a present interest for purposes of section 2503(b). Accordingly, petitioner is entitled to claim annual exclusions with respect to dece-

---

[5]We note that the facts of the instant case are very similar to the facts that respondent was presented with in Priv. Ltr. Rul. 90-30-005 (Apr. 19, 1990), wherein A created a trust for the benefit of B, in which B was entitled to receive trust income during A's lifetime. Upon A's death, trust corpus was to be distributed to B. If B predeceased A, one-half of the corpus was to be distributed to B's children and the other one-half was to be distributed to A's children. Within 30 days of receiving notice of a contribution to corpus, both B and B's children had the power to withdraw from corpus a proportionate amount of the contribution not to exceed the sec. 2503(b) exclusion. Citing *Crummey*, respondent allowed A to claim annual gift exclusions for both B and B's children. Although private letter rulings are not precedent, sec. 6110(j)(3), they "do reveal the interpretation put upon the statute by the agency charged with the responsibility of administering the revenue laws." *Hanover Bank v. Commissioner*, 369 U.S. 672, 686 (1962); see *Rowan Cos. v. United States*, 452 U.S. 247, 259 (1981); *Estate of Jalkut v. Commissioner*, 96 T.C. 675 (1991); *Woods Investment Co. v. Commissioner*, 85 T.C. 274, 281 n.15 (1985). See also *Hall v. Commissioner*, T.C. Memo. 1991-133.

dent's grandchildren as a result of decedent's transfers of property to the children's trust in 1984 and 1985.

*Decision will be entered for the petitioner.*

Reviewed by the Court.

NIMS, CHABOT, PARKER, KÖRNER, HAMBLEN, COHEN, CLAPP, SWIFT, GERBER, WRIGHT, PARR, WHALEN, COLVIN, HALPERN, and BEGHE, *JJ.*, agree with the majority.

WELLS, *J.*, did not participate in the consideration of this opinion.