JULIAN P. KORNFELD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kornfeld v. Commissioner
Docket No. 13169-95
United States Tax Court
1996 Tax Ct. Memo LEXIS 532; 1996 WL 668971; November 18, 1996, Decided *532 Theodore Tannenwald, Jr., Judge Theodore Tannenwald
ORDER
Petitioner having, on November 12, 1996, filed a Motion to Vacate Decision and a Motion for Reconsideration of Opinion (T.C. Memo. 1996-472 filed October 22, 1996), after due consideration, it is ORDERED: That petitioner's motion for reconsideration of opinion is granted in that the opinion is amended by making the following changes: (1) The last full sentence on page 10 of the opinion is stricken and the following substituted in its place and stead: "Although the gift tax returns stated that the gifts were cash gifts, such self-serving labeling is not determinative and its impact is not significant in light of the other factors discussed herein which cause us to conclude that interests in the bonds themselves were the subject matter of the gifts." (2) The sentence beginning on the fourth line from the bottom of page 11 of the opinion is stricken and the following is substituted in its place and stead: "We are aware that the parties have stipulated that 'Because of Julian's tax, financial, and business expertise, Meredith and Nancy generally consult with Julian about all major or significant financial transactions.' But *533 such a general description lacks the quality necessary to support the conclusion that there was meaningful advance consultation and exercise of independent judgment by Nancy and Meredith in respect of the specific transactions involved herein, to say nothing of the fact that the stipulation does not include any reference to Permenter. Moreover, we note that Exhibits A executed by petitioner and Nancy, Meredith, or Permenter were uniformly dated the same day as the confirmations from Prudential Bache." It is further ORDERED: That, except as aforesaid, petitioner's motions are denied. We are unpersuaded by the litany of decided cases from which petitioner constructs an absolute rule as a divining rod for decision herein, i.e., that the determinative factor is the absence of any legal obligation on the part of Nancy, Meredith, or Permenter to utilize the cash received from petitioner to participate in the bond transactions. In taking this position, petitioner fails to recognize that the situation herein is one which, as we stated in our opinion, involves the "difficult task of line drawing" (see page 13 of slip opinion), thereby embodying a frame of reference to which such absolute *534 divining rod simply cannot be applied. As we have previously pointed out, the absence of such a legal obligation is of "minimal significance". See Gordon v. Commissioner, 85 T.C. 309, 331 n.16 (1985). We are particularly unimpressed by petitioner's reliance on Estate of Cristofani v. Commissioner, 97 T.C. 74 (1991), a case which petitioner apparently did not previously consider relevant and therefore failed to cite in his original or reply brief. In point of fact, Estate of Cristofani is clearly distinguishable. There, we found "no agreement or understanding between the decedent, the trustee and the beneficiaries that decedent's grandchildren would not exercise their withdrawal rights". Estate of Cristofani v. Commissioner, 97 T.C. at 77. In this case, we specifically concluded that there was an agreement or understanding that Nancy, Meredith, and Permenter would utilize the cash received from petitioner to participate in the bond transactions and acquire the interests remaining after the life interests in accordance with the expectations of the parties. (See page 8 of slip opinion.) *535 In any event, petitioner, who has the burden of proof (see page 8 of slip opinion), has failed to persuade us that he did not acquire "the entire ownership in the bonds and then divided that ownership by retaining a life interest and transferring the remaining interests to Nancy, Meredith, and Permenter." (See page 12 of slip opinion.) Theodore Tannenwald, Jr., Judge Dated: Washington, D.C.
November 18, 1996