T.C. Memo. 1997-212


UNITED STATES TAX COURT


ESTATE OF LIESELOTTE KOHLSAAT, DECEASED,
PETER KOHLSAAT, COEXECUTOR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 22465-94.                     Filed May 7, 1997.


<u>Rocco J. Labella</u> and <u>Arthur P. Zucker</u>, for petitioner.

<u>Frank A. Racaniello</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, <u>Judge</u>:  Respondent determined a deficiency of
$337,474 in the Federal estate tax of the Estate of decedent
Lieselotte Kohlsaat.

Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for June 5, 1990, the date of

decedent's death, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After settlement of some issues, the issue for decision is whether, in the computation of petitioner's Federal estate tax, decedent's inter vivos transfer of property to an irrevocable trust is eligible under section 2503(b) for the annual gift tax exclusion with respect to each of 16 contingent beneficiaries of the trust.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. Petitioner is the Estate of Lieselotte Kohlsaat, deceased, Peter Kohlsaat, coexecutor. Decedent died a resident of New Jersey. When the petition was filed, Peter Kohlsaat resided in Cresskill, New Jersey.

On March 27, 1990, decedent formed the Lieselotte Kohlsaat Family Trust as an irrevocable trust (the trust) and transferred to the trust a commercial building owned by decedent and managed for many years by various Kohlsaat family members. At the time of decedent's transfer of the building to the trust, the building was valued at $155,000. Thereafter, no other transfers were made to the trust.

Under provisions of the trust, Beatrice Reinecke (Beatrice) and Peter Kohlsaat (Peter), decedent's two adult children, were designated as cotrustees and primary beneficiaries of the trust.

Beatrice and Peter each received an interest in one-half of the corpus and income of the trust, and each received a special power to appoint the corpus of his or her one-half share of the trust to his or her children or grandchildren.

Under the trust provisions, 16 contingent remainder beneficiaries were designated. Beatrice's three children and eight grandchildren were designated as contingent remainder beneficiaries in Beatrice's one-half share of the trust, and Peter's spouse and four sons were designated as contingent remainder beneficiaries in Peter's one-half share of the trust.

Beatrice and Peter, as well as the 16 contingent beneficiaries, were each given the right -- following each transfer of property to the trust -- to demand from the trust an immediate distribution to them of property in an amount not to exceed the $10,000 annual gift tax exclusion under section 2503(b) that was considered to be available to each beneficiary. Each beneficiary's right to demand a distribution lapsed 30 days after a transfer of property to the trust. The guardian of any minor beneficiary was authorized to exercise the minor beneficiary's right to demand a distribution of property from the trust.

On April 2, 1990, within 6 days of decedent's transfer of the commercial building to the trust, the beneficiaries of the trust were timely notified of their rights to demand distributions of trust property of up to $10,000 each. None of

the beneficiaries exercised his or her right to demand a distribution from the trust, and none of the beneficiaries requested notification of future transfers of property to the trust.

No understandings existed between decedent, the trustees, and the contingent beneficiaries to the effect that the beneficiaries would not exercise their rights to demand distributions from the trust.

On petitioner's Federal estate tax return, petitioner treated the interests of the 16 contingent beneficiaries as qualifying for 16 annual gift tax exclusions under section 2503(b) with regard to decedent's 1990 transfer of the commercial building to the trust.

On audit of petitioner's Federal estate tax return, respondent denied the above 16 annual gift tax exclusions claimed by petitioner on the grounds that the contingent beneficiaries did not hold present interests in the trust.

OPINION

Generally, the annual gift tax exclusion under section 2503(b) applies to gifts made in trust. Helvering v. Hutchings, 312 U.S. 393, 396-397 (1941); sec. 25.2503-2(a), Gift Tax Regs.

The annual exclusion provides that gifts made to beneficiaries during a calendar year shall be excluded from taxable gifts to the extent they do not exceed $10,000 per

beneficiary per year.  Sec. 2503(b); sec. 25.2503-2(a), Gift Tax Regs.  Gifts qualifying for the annual exclusion are not counted in the computation of an estate's Federal estate tax liability. Sec. 2001(b).

Only gifts of present interests in property qualify for the annual gift tax exclusion.  Gifts of future interests in property (i.e., interests in property that are limited to commence in use, possession, or enjoyment at some future date) do not qualify for the annual exclusion.  Sec. 2503(b); sec. 25.2503-3(a), Gift Tax Regs.

Generally, interests in property qualify as present interests in property where they represent the unrestricted right to immediate use, possession, or enjoyment of property or income from property.  Sec. 25.2503-3(b), Gift Tax Regs.

Where trust beneficiaries, including minor and contingent beneficiaries, are given unrestricted rights to demand immediate distributions of trust property, the beneficiaries generally are treated, under section 2503(b), as possessing present interests in property.  Estate of Cristofani v. Commissioner, 97 T.C. 74, 84-85 (1991); see also Crummey v. Commissioner, 397 F.2d 82, 88 (9th Cir. 1968), affg. in part and revg. in part T.C. Memo. 1966-144; Perkins v. Commissioner, 27 T.C. 601, 605-606 (1956).

In Estate of Cristofani v. Commissioner, supra, contingent beneficiaries of a trust were given the unrestricted right to legally demand immediate distribution to them of trust property

following a transfer of property to the trust. The contingent beneficiaries were treated as holding present interests in the trust, and the settlor's transfers of property to the trust were treated as qualifying for the annual gift tax exclusion.

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Respondent argues that understandings existed between decedent and the 16 contingent beneficiaries of decedent's trust to the effect that the beneficiaries would not exercise their rights to demand distributions of trust property, that these understandings negate decedent's donative intent, and that the substance-over-form doctrine should apply to deny the annual gift tax exclusions with regard to the interests held by the 16 contingent beneficiaries.

We disagree.

Pursuant to the provisions of the trust, for a 30-day period following a transfer of property to the trust, the contingent beneficiaries were given unrestricted rights to legally demand immediate distribution to them of trust property. The evidence does not establish that any understandings existed between decedent and the beneficiaries that the contingent beneficiaries would not exercise those rights following a transfer of property to the trust. At trial, several credible reasons were offered by the trust beneficiaries as to why they did not exercise their

rights to demand a distribution of trust property. The fact that none of the beneficiaries exercised their rights or that none of the beneficiaries requested notification of future transfers of property to the trust does not imply to us that the beneficiaries had agreed with decedent not to do so, and we refuse to infer any understanding.

The evidence does not support respondent's contention that the contingent beneficiaries believed they would be penalized for exercising their rights to demand distributions of trust property or that the trustees purposefully withheld information from the beneficiaries.

Further, the contingent beneficiaries received actual notice from the trustees with regard to their rights. Decedent intended to benefit the contingent beneficiaries by giving them interests in the trust. The contingent beneficiaries were decedent's relatives.

For the reasons stated above, the contingent beneficiaries' unrestricted rights to demand immediate distributions of trust property are to be treated as present interests in property. Decedent's transfer of the commercial building to the trust qualifies for 16 annual gift tax exclusions under section 2503(b) with regard to the present interests of the 16 contingent beneficiaries therein.

To reflect the foregoing,

Decision will be entered

under Rule 155.