T.C. Memo. 2015-173

UNITED STATES TAX COURT

ISRAEL MIKEL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

ERNA MIKEL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 16538-13, 16563-13.          Filed September 8, 2015.

<u>Stuart M. Schabes</u>, for petitioners.

<u>Nancy M. Gilmore</u> and <u>Bradley C. Plovan</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  These cases are before the Court on petitioners' motions

for award of litigation costs pursuant to section 7430 and Rule 231.[1]  None of the

---

[1]Unless otherwise indicated, all statutory references are to the Internal
Revenue Code in effect at all relevant times, and all Rule references are to the Tax
Court Rules of Practice and Procedure.  We round all monetary amounts to the
nearest dollar.

**[\*2]** parties requested a hearing on this matter, and no material fact is in dispute. We will therefore decide petitioners' motions on the basis of the parties' submissions and the existing record.[2]  See Rule 232(a)(1).

Background

The underlying facts are set out in Mikel v. Commissioner (Mikel I), T.C. Memo. 2015-64.  We summarize the factual and procedural background briefly and make additional findings as necessary to rule on the instant motions.  At all relevant times, petitioners resided in New York.

Petitioners made substantial gifts to a family trust during 2007 but did not file gift tax returns reporting these gifts.  After the Internal Revenue Service (IRS or respondent) opened an examination relating to their potential gift tax liabilities, each petitioner submitted a gift tax return reporting a $1,631,000 gift and claiming a $720,000 exclusion under section 2503(b).  The claimed annual exclusions were based on the contention that each of the trust's 60 beneficiaries had an immediate right to withdraw up to $12,000 from the trust and thus enjoyed a "present interest in property."  See sec. 2503(b).  After application of the unified credit under section 2505, each petitioner reported no gift tax due.

_____

[2]Petitioners in their motions request only litigation costs.  We therefore need not consider positions taken during the administrative phase of these cases.

[*3]   Upon conclusion of the examination, the IRS issued each petitioner a Letter 950, 30-Day Letter, proposing to disallow the claimed annual exclusions. Petitioners filed timely protests, and their cases were transferred to the IRS Appeals Office.  The parties were unable to reach agreement and, on April 23, 2013, the IRS issued to petitioners separate notices of deficiency.  These notices reflected the IRS' determination that the trust's "in terrorem" provision would deter the trust beneficiaries from exercising their withdrawal rights, with the result that they had received, practically speaking, a future rather than a present interest in property.

Petitioners timely petitioned this Court, and their cases were consolidated for purposes of trial, briefing, and opinion.  Ruling on cross-motions for partial summary judgment, we acknowledged that the trust's "in terrorem" provision was "not a paragon of draftsmanship." Mikel I, at *18.  However, we concluded that the better interpretation of this provision was such that it would not deter trust beneficiaries from seeking judicial enforcement of their withdrawal rights.  We accordingly concluded that petitioners had made gifts of a "present interest in property" within the meaning of section 2503(b).  The parties filed a stipulation of settled issues on July 31, 2015, resolving all outstanding issues except for petitioners' motions for litigation costs.

**[\*4]**                                  <u>Discussion</u>

As relevant here, section 7430 provides for the award of litigation costs to a taxpayer in a proceeding involving the determination of any tax, interest, or penalty. Such an award may be made where the taxpayer: (1) is the "prevailing party"; (2) exhausted available administrative remedies; (3) did not unreasonably protract the proceeding; and (4) claimed "reasonable" costs. Sec. 7430(a), (b)(1), (3), (c)(1) and (2). These requirements are conjunctive; failure to satisfy any one precludes an award of costs to the taxpayer. See <u>Minahan v. Commissioner</u>, 88 T.C. 492, 497 (1987).[3]

To be the "prevailing party," the taxpayer must satisfy certain net-worth requirements (concededly met here) and must "substantially prevail" with respect to the amount in controversy or "the most significant issue or set of issues presented." Sec. 7430(c)(4)(A). A taxpayer will not be treated as the prevailing party, however, if the Commissioner establishes that "the position of the United States in the proceeding was substantially justified." Sec. 7430(c)(4)(B). The "position of the United States" in a Tax Court proceeding is that set forth in the Commission-

---

[3]Respondent concedes that petitioners exhausted available administrative remedies and did not unreasonably protract the proceeding. Although respondent does not agree that the dollar amount of petitioners' litigation costs was "reasonable," we need not address this point given our disposition of the motions.

[*5] er's answer.  See sec. 7430(c)(7)(A); Huffman v. Commissioner, 978 F.2d 1139, 1147-1148 (9th Cir. 1992), aff'g in part, rev'g in part T.C. Memo. 1991-144; Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430, 442 (1997).  The position respondent took in his motion for partial summary judgment was the same as that asserted in his answer.

A position is substantially justified if it has a reasonable basis in fact and law and is justified to a degree that could satisfy a reasonable person.  Pierce v. Underwood, 487 U.S. 552, 565 (1988); Huffman v. Commissioner, 978 F.2d at 1147; Swanson v. Commissioner, 106 T.C. 76, 86 (1996).  The determination of reasonableness is based on all of the facts of the case and the available legal precedents.  Coastal Petroleum Refiners, Inc. v. Commissioner, 94 T.C. 685, 694-695 (1990).  A position has a reasonable basis in fact if there is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Underwood, 487 U.S. at 565.  A position has a reasonable basis in law if legal precedent substantially supports the Commissioner's position given the facts available to him.  Coastal Petroleum Refiners, Inc., 94 T.C. at 688; Rutana v. Commissioner, 88 T.C. 1329, 1334 (1987); DeVenney v. Commissioner, 85 T.C. 927, 930 (1985).  The fact that the Commissioner loses on the merits or concedes the case does not establish that his position was unjustified.  It is, however, a

**[\*6]** factor to be considered.  See Powers v. Commissioner, 100 T.C. 457, 471

(1993), aff'd in part, rev'd in part on another issue, 43 F.3d 172 (5th Cir. 1995).

Although we granted petitioners' motion for partial summary judgment in

Mikel I, respondent argues that his position was substantially justified because the

"in terrorem" provisions in the trust document were susceptible to various inter-

pretations.  Respondent contends that his interpretation of these provisions was

reasonable and was consistent with the concerns the IRS noted in AOD 1992-09,

1992-2 C.B. 1 (Apr. 6, 1992), acquiescing to Estate of Cristofani v. Commissioner,

97 T.C. 74 (1991).  Respondent submits that the trust document's lack of clarity

reasonably led him to believe that the "in terrorem" provisions were intended to

(and did) limit the beneficiaries' ability to seek judicial enforcement of their

withdrawal rights, with the result that they possessed in reality only a future

interest in property.  Petitioners in their motions do not explicitly address the

reasonableness of respondent's position.

We agree with respondent on this point.  We noted in Mikel I, at \*18, that

the "in terrorem" provisions were "not a paragon of draftsmanship."  A broad,

literal reading of one clause arguably supported respondent's position.  Although

we concluded that the best reading of the entire document required that this clause

"be given a limiting construction," id. at \*19, respondent's interpretation had a

**[*7]** textual basis.  We conclude that respondent's interpretation of these provisions, while not the one we adopted, was "substantially justified" within the meaning of section 7430(c)(4)(B)(i).

In sum, we find that respondent's litigating position concerning the interpretation of the trust document was "substantially justified."  Petitioners therefore are not the prevailing parties within the meaning of section 7430(c)(4)(A).  Because the requirements of section 7430 are conjunctive, we need not address respondent's contention that petitioners' claimed litigation costs are unreasonable in amount.  To reflect the foregoing,

An appropriate order will be issued denying petitioners' motions for litigation costs.